IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IVAN KILGORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-12-087-JHP-SPS |
| | ) | |
| SEMINOLE COUNTY PUBLIC OFFICIALS MIKE WEATHERLY AND TIMOTHY OLSEN, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This is a 42 U.S.C. § 1983 civil rights action commenced by the plaintiff, a state prisoner incarcerated in Represa, California. By order filed on March 23, 2012 (Doc. # 9), the court granted plaintiff's motion to proceed *in forma pauperis*, and ordered monthly payments be made on the court fees. To date, no fees have been paid herein. On review of plaintiff's complaint, this court finds the complaint is frivolous and/or fails to state a claim upon which relief may be granted and, therefore, should be dismissed pursuant to 28 U.S.C. § 1915A.

Plaintiff's complaint requests this court to: 1) grant injunctive relief directing the defendants to forward complete trial transcripts from the Seminole County District Court, State of Oklahoma, *State of Oklahoma v. Ivan Donwell Kilgore,* Case No. CF-95-397; 2) award punitive damages and any other damages deemed appropriate; and 3) issue a temporary restraining order. In an attempt to support the requested relief, Plaintiff alleges

that Defendant Timothy Oslen was an Assistant District Attorney in Seminole County and is now a Seminole County Court Judge. Plaintiff further alleges that Defendant Mike Weatherly is employed as a Seminole County Clerk and stenographer. He further states that Defendant Weatherly is responsible for transcribing trial transcripts and informing the parties of the fees associated with such transcripts. Plaintiff claims the defendants have "intentionally and maliciously denied him access to public records" in his Oklahoma criminal case from 1995 and that the defendants "have conspired to deny him access to the records by destroying them."

Following his release from the Oklahoma Department of Corrections in November, 1997, the plaintiff was arrested and tried in California. During proceedings in California, according to plaintiff's complaint, Defendant Olsen did not disclose exculpatory evidence to the California prosecutor and Defendant Weatherly only prepared the transcript of the plaintiff's prior testimony and the preliminary hearing transcript. According to plaintiff's complaint, the plaintiff was ultimately convicted in the State of California and his conviction was affirmed on appeal. The plaintiff's complaint indicates that the District Court for the Northern District of California denied his request for provision of funds to obtain the Oklahoma transcripts concluding that the plaintiff had "failed to establish that his previous IAC [ineffective assistance of counsel] claims were prejudicial." *See*, Doc. # 1 at p. 12.

The plaintiff does not have a constitutional right to a free transcript to search for error years after his conviction has become final. While a trial transcript is an absolute matter of right for an indigent criminal defendant during direct appeal proceedings of the trial being

2

appealed, *see Griffen v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), once the indigent seeks collateral relief, he must demonstrate that his claim is not frivolous before the court is required to provide him with a free transcript. *See, United States v. MacCollom*, 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976); *see also*, *Sistrunk v. United States*, 992 F.2d 258 (10th Cir. 1993); and *Hines v. Baker*, 422 F.2d 1002 (10th Cir. 1970). During his § 2254 proceedings in the State of California, the Northern District of California found the plaintiff had no need of the portions of the transcript which he had not been previously been provided. *Kilgore v. Walker*, 2008 WL 2782706 (N.D.Cal. 2008). The plaintiff's complaint does not allege any facts, nor can this court envision any facts, which would entitle the plaintiff to a free copy of those portions of his Oklahoma trial court transcript which were not already provided to plaintiff . Accordingly, plaintiff's complaint is dismissed as frivolous, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's complaint is **dismissed with prejudice** as frivolous, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e).

2. A separate judgment shall be entered in favor of the defendants and against plaintiff.

3. Plaintiff remains obligated to pay in monthly installments the **$350.00** filing fee incurred in this matter.

It is so ordered on this  6th  day of July, 2012.

                                                James H. Payne
                                              United States District Judge
                                              Eastern District of Oklahoma